UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-92 |
| | ) | (Varlan / Shirley) |
| FRANCISCO ANGELES and | ) | |
| JOSE SANCHEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the Court for a motions hearing on November 1, 2007. At that time, the parties presented evidence and argument of counsel in support of their respective positions on twelve pretrial motions. Francisco Angeles was present at the hearing with his counsel, Tracy Smith. Jose Sanchez was present with his counsel, Mike Whalen. Assistant United States Attorney Tracy Stone represented the government. At the conclusion of the hearing, the parties requested time to submit post-hearing briefs incorporating the record at the hearing. The final of these briefs was filed December 10, 2007. The Court took these matters under advisement December 11, 2007.

# I: BACKGROUND

The United States has charged that Francisco Angeles and Jose Sanchez committed a car jacking and kidnaping in Knoxville. On June 13, 2007, the two defendants are accused of overpowering Jose Garcia, taking control of his car using a knife and a semi-automatic gun. on him and took control of the car. They are alleged to have beat and bound victim, taking him to a motel room where they held him hostage until June 22, 2007. The government alleges that the two tortured Garcia and threatened to kill his family, for the purpose of extorting money from him, until he was able to make his escape. Complaint [Doc. 3]; Indictment [Doc. 7]; First Superseding Indictment [Doc. 49]. Jose Sanchez and Francisco Angeles were arrested in Houston, Texas and returned to this district to answer the charge. The government alleges that both defendants are illegal aliens, with Angeles having been previously deported on March 16, 2000. Both defendants have entered pleas of not guilty to all the allegations. At the time of their arrest, both defendants purportedly gave statements to police which they now seek to suppress. Issues of suppression are addressed in a separately-filed Report and Recommendation to the District Court; the following pretrial motions are addressed herein:

1. Motion to Compel Disclosure by Agents to Government [Doc. 24] (Sanchez)
2. Motion for Conspiracy Hearing [Doc. 26] (Sanchez)
3. Motion to Retain Rough Notes [Doc. 28] (Sanchez)
4. Motion for Release of Brady [Doc. 30] (Angeles)
5. Motion for Discovery [Doc. 31] (Angeles)
6. Motion for Disclosure Expert Testimony [Doc. 32] (Angeles)
7. Motion for 404(b) [Doc. 33] (Angeles)

8. Motion in Limine [Doc. 34] (Angeles)

9. Motion to Retain Rough Notes [Doc. 35] (Angeles)

10. Motion for Pretrial Notice of Evidence - Rule 12(b)(4)(B) [Doc. 37] (Angeles)

The United States has responded in opposition to each pretrial motion as follows: Consolidated Response to [Angeles][1] Motions [Doc. 30, 31, 32, 33, 35, 37] - [Doc. 41]; Response to [Angeles] Motion in Limine [Doc. 34] - [Doc. 42]; Consolidated Response to Sanchez Discovery-Related Motions [Doc. 24, 26, 28] - [Doc. 44].

## II: MERITS

### 1. Motion to Compel Disclosure by Agents to Gov't. [Doc. 24]

#### A. *Defendant's Position*

Sanchez moves the Court for an order requiring all participating agents and/or agencies cooperating in this investigation to disclose and provide to the prosecuting attorney in this case all materials in their possession, custody or control, regardless of relevancy or materiality. The defendant contends providing these files to the prosecutor will enable him to review all available information, so as to discharge his Rule 16(a)(1) and Brady-Kyles disclosure obligations.

#### B. *Government's Position*

The government responds at [Doc. 44] that <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), cannot be read as either imposing a duty on the prosecutor to learn of information by other government agencies that have no involvement in the prosecution at issue, or as requiring that all information and materials pertaining to a case be transferred from investigative agencies to the Office of the

---

[1] During the first weeks of this case, Francisco Angeles was known by an alias, Juan Gonzales.

3

United States Attorney. Next, the government contends that an order of this magnitude would impermissibly interfere with its method for making such disclosures. It furthermore states that it is not equipped to be the repository of all the information and material compiled in a case. Finally, the government notes that the Defendant's motion extends to "all materials" and contends that it is not prepared or equipped to assume custody of all materials, like drugs, firearms, or contraband. The government states to the Court that it is well-aware of its obligations under Brady and will take the necessary steps to comply with its discovery obligations. Interestingly, the government says that the Office of the United States Attorney is not large enough to house this information for all the cases being prosecuted in EDTN.

*C. Analysis*

According to Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused...violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order to comply with Brady, the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Supreme Court precedent does not, however, require possession to trigger the prosecutor's duty to disclose, and in fact, holds quite the opposite. In Kyles the Court expressly rejected the state's argument that it had no duty to disclose materials known only to the police and not to the prosecution. Id. at 438. Therefore, the Brady rule extends to evidence "known only to police investigators and not to the prosecutor." Strickler v. Greene, 527 U.S. 263, 280-81 (1999) (quoting Kyles, 514 U.S. at 438).

The Court's Order on Discovery and Scheduling [Doc. 10] states the government "shall comply with Rule 16(a)(1)(A)-(F)" of the Federal Rules of Criminal Procedure and in paragraph E,

4

specifically states that:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty under Brady and Kyles, and has stated that it is taking the necessary steps to comply with its discovery obligations. Thus, the Court takes this as an acknowledgment that the prosecuting attorney has met, or will meet, his duty to learn of favorable evidence known to government agents acting on the government's behalf. To the extent that the defendant relies on its motion, the Court finds it overly broad in that the request appears to impose a greater duty on the prosecutor in this case than that required by Kyles. Accordingly, Mr. Sanchez' Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney **[Doc. 24]** is **DENIED.**

### 3. Motion for Conspiracy Hearing [Doc. 26]

#### A. Defendant's Position

Sanchez moves the Court to conduct a hearing pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) in order to determine whether or not the government can satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. He argues that before the government can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the

5

conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). Defendant accurately states that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53. The defendants urge the Court to proceed with the first option, conduct a pretrial hearing as to the evidence of the conspiracy before considering admission of the alleged statements. The defendant argues that this is the most cautious and preferred order of proof, citing authority from other circuits in support. He asserts that such a pretrial hearing would not be burdensome to the government, and not unduly so when compared to the potential harm averted.

### *B. Government*

The government opposes a pretrial determination on this issue as burdensome and unnecessary [Doc. 44]. The United States argues that the Sixth Circuit has disfavored the approach proposed by Sanchez.

### *C. Analysis*

Federal Rules of Evidence Rule 801(d)(2)(E) provides "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's

statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), cert. denied, Villareal v. United States, 525 U.S. 1183 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue, the Sixth Circuit has criticized the first Enright alternative, a pretrial hearing, as burdensome, time consuming and uneconomic. The more practical approach, and the one customarily adopted by this district, has been to permit the government to present the hearsay statements of this nature subject to a later demonstration of their admissibility by a preponderance of the evidence. The Court notes that it is the general practice in this district to use the third of these options. In any event, this series of motions relate directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas A. Varlan. Accordingly, they should be denied to the extent they seeks a pretrial hearing at this time, reserving that District Judge Varlan will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate. Motion for Conspiracy Hearing [Doc. 26] is DENIED.

### 4. Motion to Retain Rough Notes [Doc. 28] and [Doc. 35]

Sanchez and Angeles request, out of an abundance of precaution, an order directing all agents who investigated the case to retain all rough notes taken as a part of their investigation of the case. The Court has already ordered and has entered an Order on Discovery and Scheduling [Doc. 10, ¶ H] ordering the relief requested by the defendant: "The government shall advise its agents and officers involved in this case to preserve all rough notes." Furthermore, the government responds

that it has so directed. Accordingly, both defendants' Motion for Agents to Retain Rough Notes **[Doc. 28]** and **[Doc. 34]]** are **DENIED** as moot.

### 5. Motion for Release of Brady [Doc. 30]

#### A. *Defendant's Position*

In a broad motion, Angeles requests any material pertaining to a list of 15 descriptions of possible evidence and material sought by the defendant. The motion does not include a specific Brady request, but includes:

¶ 1. Favorable statements made by Defendant

¶ 2. Favorable witness statements, in the broadest terms

¶ 3. Any later-retracted statements of witnesses.

¶ 4. Threats to prosecute witnesses.

¶ 5. Preferential court treatment for witnesses.

¶ 6. Agreements not to prosecute (and related agreements).

¶ 7. Money paid.

¶ 8. Bias or motive evidence.

¶ 9. Dishonesty of witnesses (including any polygraph results or refusal to test).

¶ 10. Criminal histories.

¶ 11. Mental condition, drugs, alcohol.

¶ 12. Impeachment, inconsistent statements.

¶ 13. Any witness who gave physical description not matching.

¶ 14. People who were asked, but failed to identify.

¶ 15. Inconsistent physical evidence.

¶ 16. Reports with information contradicting prosecution evidence.

¶ 17. Examinations, test results, expert reports.

### *B. Government's Position*

The United States responds at [Doc. 41] that it is aware of its obligation to disclose under Brady and its progeny, in addition to the Court's Order on Discovery and Scheduling, and will continue to comply.

### *C. Analysis*

The Court finds that it has already ordered the government to turn over materials within the scope of Brady and its progeny. [Doc. 10]. Furthermore, the government has acknowledged its duty under Brady and Kyles, and has stated that it is taking the necessary steps to comply with its discovery obligations. To the extent that the defendant relies on its motion, the Court finds it overly broad in that the request appears to impose a greater duty on the prosecutor in this case than that required by Kyles. Accordingly, the Request for Disclosure of Exculpatory Material **[Doc. 30]** is **DENIED** as moot.

### 6. Motion for Discovery [Doc. 31]

This one-page motion simply asks for Rule 16 discovery materials, listing specifically statements of the defendant and tangible objects the government intends to use at trial.

The government responds that the requested material is subject to Rule 16 and the Order on Discovery and Scheduling [Doc. 10] and that the government intends to comply with its ongoing duties. Additionally, the response sates that AUSA Stone provided a letter on September 7, 2007, to Attorney Smith advising that the items seized in the case were available for inspection, but she has not requested to inspect the same. The Court finds that the Order on Discovery and Scheduling [Doc. 10] has already ordered the disclosure of the materials sought in this motion and there is no

9

suggestion that the government has failed to comply with that Order. Finding the request moot, Motion for Discovery **[Doc. 31]** is **DENIED**.

### 7. Motion for Disclosure Expert Testimony [Doc. 32]

Angeles asks the Court to order production of a written summary of expert testimony anticipated by the government, citing Rule 16(a)(1)(G), Rule 705 and the Order on Discovery and Scheduling ¶ L.

The government responds that it already has a duty to make expert disclosures three weeks before trial, per the Order on Discovery and Scheduling at ¶ L. Further, the government says it has already apprised the defense, by letter September 7, 2007, that the prosecution intends to use a fingerprint expert to testify as to fingerprint comparisons made in this case. The government states that it will provide information about the expert in accordance with the Order on Discovery and Scheduling (three weeks before trial).

The Court finds that the Order on Discovery and Scheduling [Doc. 10] has already ordered the disclosure of the materials sought in this motion and there is no suggestion that the three weeks provided in the Order is an unreasonable time frame for disclosure. Additionally, the government has provided substantially earlier notice as to one expert. Finding the request moot, Motion Disclosure of Expert Testimony **[Doc. 32]** is **DENIED**.

### 8. Motion for Pretrial Notice of Government's Intention to Use 404(b)-Type Evidence [Doc. 33]

#### A. *Position of the Parties*

Angeles moves for disclosure of any evidence the government seeks to introduce under Rule 404(b), asking for this information to be made available as soon as possible. The government states

that it will produce any such material in accordance with the Order on Discovery and Scheduling ¶ I, which deems reasonable notice to be seven calendar days before trial.

## B. Analysis

Federal Rules of Evidence, Rule 404(b), with certain exceptions, prohibits the admission of evidence of other crimes or wrongs "to prove the character of a person in order to show action in conformity therewith." In 1991, the Rule was amended to provide that if evidence is admissible for other reasons, such as proof of motive, opportunity, intent, preparation, plan, identity, etc., "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). The Advisory Committee explained that the amendment was "intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence." Advisory Committee's note (1991 amendment).

In 1995, the Sixth Circuit provided a thorough analysis of the then-new Rule 404(b) amendment in United States v. Barnes, 49 F.3d 1144 (6th Cir. 1995). That court observed:

> Although it does not call for any specific form of notice, "[t]he Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion." The court has the discretion to determine reasonableness under the circumstances, but the Committee note cautioned that "[b]ecause the notice requirement serves as [a] condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."
> Barnes, 49 F.3d at 1147 (quoting the Advisory Committee's Note to Rule 404(b), 1991 Amendments).

11

Although notice is required, the Sixth Circuit has held that "in most criminal prosecutions, the Brady Rule, Rule 16, and the Jencks Act exhaust the universe of discovery to which defendant is entitled." United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). In the absence of circumstances warranting earlier disclosure, the Court has established as reasonable a deadline of seven days prior to trial for 404(b) material. Angeles has not set forth any argument in support of earlier disclosure other than a preference for earlier preparation. In the absence of such a showing, the Court finds no reason to alter the deadline for disclosure in this case.

As to the defendant's second form of relief, the Court finds it is premature to establish a method for the District Court to consider admissibility of any Rule 404(b) evidence. In the Sixth Circuit, "when the defense *objects* to the admissibility of evidence of other wrongs, crimes or acts the trial court should conduct a balancing determination on the record before admitting the evidence." United States v. Acosta-Cavares, 878 F.2d 945, 950 (6th Cir. 1989). The present case is set for trial before District Court Judge Thomas W. Phillips and thus, any on the record findings made pursuant to Rules 403 and 404 will constitute a matter to be taken up at trial and in the context of the evidence admitted. After receiving notice from the government that it intends to introduce Rule 404(b) evidence, the defendant may elect to register a specific objection as a motion in limine. The Motion for Pretrial Notice of Government's Intention to Use 404(b)-Type Evidence **[Doc. 33]** is **DENIED**.

### 9. Motion in Limine [Doc. 34]

Angeles asked that the Court to order the government to refrain from referring to his immigration status at trial. The government made an individual response [Doc. 42] to this motion, asking the Court to hold in abeyance any ruling on this motion, as it may become moot because the United States was then considering bringing a criminal charge against Mr. Morales for immigration

violations. The Grand Jury has now issued a First Superseding Indictment [Doc. 49] charging Angeles with an immigration violation. At the hearing the parties agreed that the Motion in Limine was moot, accordingly, Motion in Limine **[Doc. 34]** was **DENIED** as moot.

### 10. Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 37]

#### A. Defendant's Position

Angeles asks the Court to order the government to produce any evidence:

a) that the defendant is entitled to under Rule 16;

b) designate between evidence the government intends to use in its case-in-chief and other Rule 16 material; and

c) that is arguably subject to suppression.

The defendant relies upon Rule 12(b)(4)(B) Pleadings and Pretrial Motions, which provides in relevant part:

> (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) *any evidence that the defendant may be entitled to discover under Rule 16*.
> Fed. R. Crim. P. 12 [emphasis added].

#### B. Government's Position

The United States responds [Doc. 41] that Rule 12 (b) is merely a mechanism to implement the rule of 12 (b)(3) requiring that a defendant must bring motion to suppress prior to trial. The government argues that Angeles is attempting to get more information about the prosecution's case than he is entitled to. Further, the prosecution states that he has provided all such information requested by the defendant and notes the defendant has *already filed* a motion to suppress.

*C. Analysis*

The Court observes that the deadline for Rule 16 discovery has long since passed. Because, in the context of evidence that may precipitate a motion to suppress evidence, Rule 12(b)(4)(B) provides for *earlier* disclosure of "any evidence that the defendant may be entitled to discover under Rule 16," the defendant's request was moot when filed. Accordingly, the Motion for Pretrial Notice of Government's Intent to Use Evidence **[Doc. 37]** is **DENIED** as moot.

### III: CONCLUSION

1. Motion to Compel Disclosure by Agents to Government **[Doc. 24]** is **DENIED**;

2. Motion for Conspiracy Hearing **[Doc. 26]** is **DENIED**;

3. Motion to Retain Rough Notes **[Doc. 28]** and **[Doc. 35]** are **DENIED**;

4. Motion for Release of Brady **[Doc. 30]** is **DENIED**;

5. Motion for Discovery **[Doc. 31]** is **DENIED**;

6. Motion for Disclosure Expert Testimony **[Doc. 32]** is **DENIED**;

7. Motion for 404(b) **[Doc. 33]** is **DENIED**;

8. Motion in Limine **[Doc. 34]** is **DENIED**;

9. Motion to Retain Rough Notes **[Doc. 35]** is **DENIED**; and

10. Motion for Pretrial Notice of Evidence **[Doc. 37]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge