UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-92 |
| | ) | (VARLAN/SHIRLEY) |
| FRANCISCO MORALES ANGELES, and | ) | |
| JOSE SANCHEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Withdraw [Doc. 69] filed by Defendant Morales' counsel on September 8, 2009, and referred [Doc. 70] to the undersigned on September 9, 2008. See 28 U.S.C. § 636(b). In the motion, defense counsel asserts that it would be in the defendant's best interest for the Court to appoint him new counsel because the defendant has become increasingly insistent that present counsel is not acting in his best interests. The parties appeared before the Court for a hearing on the motion on September 15, 2008. Assistant United States Attorney Tracy L. Stone represented the government. Defendant Morales was present along with Attorney Tracy J. Smith.

At the hearing, the defendant agreed that he was asking that his attorney withdraw. Attorney Smith stated that she and the defendant were not communicating effectively any more. Based upon her last meeting with the defendant, she believed that he no longer trusted her and that the situation would not improve with more time or discussion. The government had no comment.

1

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the filings and the parties' statements at the hearing, the Court concludes that good cause exists to allow Ms. Smith to withdraw and to appoint new counsel for the defendant. The Court finds that the communication between the defendant and Ms. Smith has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, Ms. Smith's Motion to Withdraw [**Doc. 69**] is **GRANTED**. The Court notes that a *pro se* Motion to Review Counsel [Doc. 72] was received following the September 15 hearing. In this motion, the defendant also requests that the Court appoint new counsel, describing a lack of trust in Attorney Smith. For the reasons given above, the defendant's *pro se* motion [**Doc. 72**] is likewise **GRANTED**.

Attorney Andrew S. Roskind was present in the courtroom and agreed to accept representation of the defendant. The Court substitutes and appoints Mr. Roskind under the Civil Justice Act (CJA) as counsel of record for the defendant. The government stated that this case was set for the trial of both defendants on September 17, 2008. The government had reached a plea agreement with Defendant Sanchez, but the agreement was "global," in that it was conditioned on both defendants pleading guilty. The government noted that at one point it was very close to reaching a plea agreement with Defendant Morales. The government believed the best course of action at this point would be to allow Attorney Roskind time to meet with Defendant Morales to see whether he was still interested in pleading guilty. If the government could not reach a plea agreement with Defendant Morales, then it might renegotiate its agreement with Defendant Sanchez.

2

Case 3:07-cr-00092-TAV-CCS   Document 73   Filed 09/29/08   Page 2 of 5   PageID #: 108

Attorney Mike Whalen, who represents Defendant Sanchez, stated that he had spoken with his client last week, and Defendant Sanchez did not object to a continuance of the trial. Defense counsel and the government agreed on a new trial date of December 17, 2008, and agreed that all time between the September 15 hearing and the new trial date was fully excludable under the Speedy Trial Act.

The Court on its own motion finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time of the hearing, the trial of this case was set for September 17, 2008. To require Attorney Roskind, who is newly appointed, to proceed to trial in two days would indeed be a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i). Attorney Roskind needs time to meet with Defendant Morales and to prepare for trial. The Court finds that could not take place before the September 17, 2008 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to Defendant Sanchez, that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(7):

3

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, the defendants are jointly indicted [Doc. 49], and no motion for severance has yet been filed. Accordingly, delay attributable to Defendant Morales is presently excludable as to Defendant Sanchez as long as it is reasonable. See 18 U.S.C. § 3161(h)(7); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the September 17, 2008 trial date was necessary to prevent a miscarriage of justice for Defendant Morales. The Court finds that the three-month delay in trial attributable to Defendant Morales is reasonable, especially given the fact that Defendant Sanchez intents to enter a guilty plea.

Accordingly, a continuance of the trial is **GRANTED**, and the trial of this matter is reset to **December 17, 2008**. The Court also finds that all the time between the September 15, 2008 hearing and the new trial date of December 17, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7) & -(8)(A)-(B). With regard to other scheduling in the case, if the parties find they are in need of additional hearings, they may contact the Court to schedule them.

Accordingly, it is ordered:

(1) Defense Counsel Smith's Motion to Withdraw [**Doc. 69**] and Defendant Morales' pro se Motion to Review Counsel [**Doc. 72**] are **GRANTED**;

(2) Attorney Andrew S. Roskind is substituted as Defendant Morales' attorney of record under the CJA;

(3) A continuance of the September 17, 2008 trial date is **GRANTED**;

(4) The trial of this matter is reset to commence on **December 17, 2008**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge; and

(5) All time between the **September 15, 2008** hearing, and the new trial date of **December 17, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

                            ENTER:

                            s/ C. Clifford Shirley, Jr.
                            United States Magistrate Judge