UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-092 |
| | ) | (VARLAN/SHIRLEY) |
| FRANCISCO MORALES ANGELES and | ) | |
| JOSE SANCHEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court for a scheduled hearing on December 15, 2008, to address the presently pending Motion to Withdraw [Doc. 75], which has been referred to this Court by order of the District Court [Doc. 76]. Attorney Andrew Roskind ("Attorney Roskind") was present representing Defendant Francisco Morales Angeles, who was also present, and Attorney Mike Whalen was present representing Defendant Jose Sanchez, who was also present. Assistant United States Attorney Tracy Stone was present representing the Government.

Attorney Roskind filed his Motion to Withdraw [Doc. 75] in this case on December 1, 2008. In his motion, Attorney Roskind states that the law firm of McKellar Roskind, LLP, is expected to close on or about December 15, 2008, the day of the hearing, and that he is currently inquiring about future employment opportunities. Attorney Roskind is uncertain as to his future employment and due to the need to transition out of McKellar Roskind, LLP, and the potential conflict between his current clients and possible future employers, including government agencies and offices, he feels it is appropriate to withdraw from his representation of Defendant Morales Angeles.

At the hearing, Defendant Morales Angeles confirmed that he understood Attorney Roskind sought to withdraw and stated he had no objection. The Court explained that its granting of the motion would almost certainly result in an oral motion to continue the trial, which would likely be granted and result in the continued confinement of Defendant Morales Angeles. Defendant Morales Angeles stated that he understood the likelihood of a continuance and still had no objection to the withdrawal and substitution of counsel. Based on the foregoing, the Court finds that the Motion to Withdraw **[Doc. 75]** is well-taken, and accordingly it is **GRANTED**.

Attorney Bruce Poston ("Attorney Poston") was present at the hearing and was willing to be appointed as counsel for Defendant Morales Angeles in this case. Attorney Poston explained that Attorney Roskind had already supplied him with all of the pertinent discovery and files in this case. Defendant Morales Angeles stated that he had no objection to Attorney Poston's appointment. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Attorney Bruce Poston under the Civil Justice Act (CJA) as counsel of record for Defendant Morales Angeles.

Upon appointment, Attorney Poston made an oral motion to continue the Defendant's trial to May 26, 2009, a date previously discussed with both Defendants. The Government had no objection. Defendant Morales Angeles agreed that a continuance was necessary to allow Attorney Poston to prepare for the trial. Defendant Sanchez stated that he understood if the Court granted the motion his trial would also be continued and he would continue to be contained. However, Defendant Sanchez had no objection to the continuance of the trial. Accordingly, the Court finds that the motion to continue the trial date is well-taken, and therefore, it is **GRANTED**.

The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). First and

2

foremost, the hearing on the Motion to Withdraw was held on December 15, 2008, just two days before the current trial date of December 17, 2008. Preparing for a multi-charge trial in less than two days is virtually impossible, and because of the voluminous discovery and numerous charges in this case, the Court finds that even with Attorney Poston's exercise of due diligence, the time between the hearing and the new trial date is reasonably necessary to prepare for trial. 18 U.S.C. § 3161(h)(8)(B)(iv). Further, both defendants and the Government agree the time should be fully excludable.

In light of these findings and its granting of the motion, the Court set a new trial date of May 26, 2009. The Court further finds that the period of time between the hearing on December 15, 2008, and the new trial date of May 26, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

In summary:

1. The Motion to Withdraw **[Doc. 75]** is **GRANTED**. Attorney Andrew Roskind is relieved of any further responsibility in this case, and Attorney Bruce Poston is **APPOINTED** as CJA counsel for the Defendant;

2. The trial will take place at **9:00 a.m.** on **May 26, 2009**, before the Honorable Thomas A. Varlan, United States District Court Judge;

3. All time between the **December 15, 2008**, hearing and the **May 26, 2009**, trial date shall be fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3